UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                              )<br>)<br>PEDRO ALBERTO MIRANDA        )<br>_____) | CRIMINAL NO. 2004-10336-NMG-02 |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS

The Defendant Pedro Miranda submits that the failure of the DEA agents to knock and announce their purpose prior to executing a search warrant violated the Defendant's rights under 18 U.S.C. §3109 and the Fourth Amendment to the Constitution, and requires suppression of the evidence.

Factual Background

On October 14, 2004, Special Agent Calice Couchman of the Drug Enforcement Administration applied to Magistrate Judge Robert Collings for a warrant to search the premises at 212 Wilder Street, 2nd Floor, Lowell, Massachusetts. The warrant was issued for a daytime search (between the hours of 6:00 a.m. and 10:00 p.m.) and authorized the seizure of the following:

"1.    Heroin;

"2.    Paraphernalia for the packaging, processing and distribution of controlled substances such as heroin, including, but not limited to, packaging materials and scales;

"3.    Electronic pagers and cellular telephones used to communicate with drug associates;

"5   Cash and currency, and other items of value made or derived from trafficking in illegal substances."[1]

The warrant was executed on October 15, 2004, shortly after 6:00 a.m. The Defendant Pedro Miranda was in the apartment at the time, as was Paula Llano-Orrego. The agents gained entrance into the apartment by battering down the door without first knocking and announcing their presence. During their subsequent search of the apartment, the agents seized, inter alia, cell phones, masks, rubber gloves, goggles, and a bottle of white powder.

## Argument

I.   *Where the DEA Agents executed a search warrant without knocking and announcing their purpose, the Defendant's rights under the Fourth Amendment were violated and the evidence seized must be suppressed.*

The unannounced entry of police into 212 Wilder Street, in this case violated the Fourth Amendment strictures against unreasonable searches. See Wilson v. Arkansas, 514 U.S. 927, 934 (1995).

In Wilson, the Supreme Court held that "in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment". Id. While not every such entry is per se unreasonable, there is a presumption in favor of the common law requirement of announcement, which is incorporated into the Fourth Amendment. Id. at 935. In order to overcome this presumption, the government must present a legitimate law enforcement justification. Id. at 936. The Supreme Court noted that some such justifications might consist of circumstances 1) presenting a threat of physical violence; 2) where a prisoner has escaped and retreated to a dwelling and; 3) where police have reason to believe that evidence might be destroyed. Id.

---

[1] The Magistrate Judge refused to authorize the seizure of all of the items sought by the DEA (see Attachment B-6

There was no justification for dispensing with the requirement of announced entry in the instant case. The mere fact that the search was drug related and the police may have had reason to believe the Defendant was involved in drug trafficking was not a sufficient basis for an unannounced entry. See Richards v. Wisconsin, 520 U.S. 520 U.S. 385, 394-395 (1997). Rather, each case must be judged on its own particular facts, and the government has the burden of demonstrating "a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime...." Id. at 394. In this case there were no facts recited in the affidavit indicating that Miranda ("TAVO") was in possession of weapons or that the occupant(s) of 212 Wilder Street would not have responded appropriately to a proper announcement of authority. Thus, in the absence of a reasonable suspicion or articulable facts providing a police justification for an immediate forced entry, the manner of the search violated the Fourth Amendment and the seizure of evidence resulting therefrom should be suppressed.[2]

For the reasons expressed hereinabove, the Court should conduct a hearing on this matter, determine that the failure to knock and announce the police presence violated Defendant's constitutional rights, and suppress the evidence.

---

to the search warrant, a copy of which is attached hereto).

[2] In addition to the Fourth Amendment requirements, Title 18, Section 3109 provides: "The officer may break any outer or inner door or window of a house, or any part of a house, or anything therein, if after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant" [Emphasis added].

DEFENDANT
By his attorney

*/s/ John F. Palmer*

John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617)723-7010
BBO# 387980

Dated: May 16, 2005