UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>PEDRO ALBERTO MIRANDA       )<br>                                                       ) | CRIMINAL NO. 2004-10336-NMG-02 |

FIRST MOTION IN LIMINE OF DEFENDANT PEDRO MIRANDA
(Expert Testimony)

Now comes Defendant Pedro Miranda and moves this Honorable Court to preclude the Government from eliciting "expert" testimony from Troopers Cepero or Hanson, or TFA Chavez, concerning narcotics distribution practices and the alleged use of "coded language" by Defendant and others during the course of intercepted communications. See Fed. R. Evid. 702 (expert opinion may be offered only if (1) it is based upon sufficient facts or data, (2) it is the product of reliable principles and methods and (3) the principles and methods have been applied reliably to the facts of the case). See also, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-595 (1993).

In support of this motion, Defendant states:

1. On September 1, 2006, the Government served on Defendant the "Government's Summary of Testimony To Be Offered Under Fed. R. Evid. 702" (hereinafter "Summary").

2. In its Summary, the Government set forth "the general parameters of anticipated testimony of Troopers Cepero and/or Hanson" and TFA Chavez as putative "experts" in criminal narcotics and related matters, to include, inter alia, testimony as to the meaning of alleged "coded language", counter surveillance

  measures, the use of various implements in drug distribution, and the use of allegedly false forms of identification.

3. The Government has not provided the Defendant with the specifics of the "experts'" opinions, as they relate to the facts of this case, or with the bases and reasons for these opinions, as required by Fed. R. Crim. P. 16 (E).

4. The proposed testimony of these putative "experts" is inadmissible inasmuch as their testimony does not meet the foundational requirements of Rule 702 of the Federal Rules of Evidence. Moreover, the probative value of such testimony is "substantially outweighed by the danger of unfair prejudice". Fed. R. Evid. 403.

          DEFENDANT
          By his attorney

          /s/John F. Palmer
          John F. Palmer
          Law Office of John F. Palmer
          24 School Street, 8th Floor
          Boston, MA 02108
          (617)723-7010
          BBO# 387980

Dated: September 12, 2006

### REQUEST FOR HEARING

Defendant requests a hearing on this motion.

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on September 12, 2006.

      /s/John F. Palmer