UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>PEDRO ALBERTO MIRANDA        )<br>                                                         ) | CRIMINAL NO. 2004-10336-NMG-02 |

FIFTH MOTION IN LIMINE OF DEFENDANT PEDRO MIRANDA
(Use Of Alias)

Now comes Defendant Pedro Miranda and moves this Honorable Court to preclude the Government from eliciting testimony from Chavez, Hanson, or Cepero concerning, inter alia, the common practice of "drug dealers" to use different identities in an effort to thwart law enforcement.

As grounds for this motion, Defendant states:

1.  On September 13, 2006, the Government served Defendant with a notice that it intends to elicit testimony from Cepero, Chavez, or Hanson that it is common practice for 'drug dealers" to use more than one identity, to possess various forms of identification, and to engage in these practices to thwart detection and investigation by law enforcement.

2.  To the extent that such testimony constitutes "expert" testimony, the Government's submission is untimely (see Fourth Motion In Limine Of Defendant Pedro Miranda [fingerprint evidence]).  The Government's disclosures were to be made "not less than forty-five (45) working days before trial…" See Report After Initial Status Conference Pursuant To Local Rule 116.5 (A).

3.  The proposed testimony of Hanson, Cepero, or Chavez is inadmissible in that it does not meet the foundational requirements of Rule 702 of the Federal Rules of Evidence or of Daubert v. Merrell Dow Pharms, Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).

4.  The proposed testimony of Hanson, Cepero, and Chavez is irrelevant to the issues in Defendant's case because there is no evidence that Defendant used an alias in this case. The Defendant's true name is Carlos Colon, by which he was identified from documents seized in this case, and booking information. The Government has not provided any evidence indicating that Defendant identified himself, or was referred to as, Pedro Alberto Miranda in connection with the conspiracy alleged in the indictment.

5.  Any probative value of the proposed evidence is outweighed by the danger of unfair prejudice. Rule 403, Fed. R. Evid. Moreover, the proposed testimony constitutes impermissible character evidence, the purpose of which is to show from alleged other conduct that Defendant is a "drug dealer" – "who acted in conformity therewith" –during the conspiracy. Rule 404, Fed. R. Evid.

> DEFENDANT
> By his attorney
>
> /s/John F. Palmer
> John F. Palmer
> Law Office of John F. Palmer
> 24 School Street, 8th Floor
> Boston, MA 02108
> (617)723-7010
> BBO# 387980

Dated: September 29, 2006

REQUEST FOR HEARING

Defendant hereby requests a hearing on this motion.

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on September 29, 2006.

/s/John F. Palmer