UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2004-10336-NMG-02 |
| ) | |
| PEDRO ALBERTO MIRANDA ) | |
| ) | |

OPPOSITION OF DEFENDANT PEDRO MIRANDA TO GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE EVIDENCE OF DEFENDANT'S HEROIN TRAFFICKING

The Defendant Pedro Miranda opposes the Government's Motion In Limine To Introduce Evidence Of Defendant's Heroin Trafficking, insofar as it seeks to introduce evidence related to the arrest of Carlos Colon and seized from 129 Westford Street, Apt. 6, Lowell, and 11 Payne Street, Lowell, on September 28, 2002. This evidence is not "intrinsic" to the charged conspiracy, as alleged by the Government, nor is it otherwise admissible under Rule 404 (b) of the Fed. R. Evid.

First, the evidence of Defendant's alleged possession of heroin on September 28, 2002, is not "directly related to the conspiracy charged", as alleged by the Government, so as to circumvent Rule 404 of the Federal Rules of Evidence. The Defendant's alleged involvement in the charged offense was to allow Co-Defendant Santiago "to use his residence at 212 Wilder Street in Lowell as a meeting place for drug deals, [to] allow…Santiago to store money and drugs there…and [to] serve…as a lookout for surveillance while Santiago conducted drug business at his residence." Government's Motion In Limine To Introduce Evidence Of Defendant's Heroin Trafficking at pages 7-8. Although the alleged conspiracy took place between December 2003, and October 15, 2004, the Government's evidence shows that Defendant's participation in such conspiracy did not commence until July or August of 2004.

Contrary to the suggestion of the Government, i.e., that the Defendant's prior heroin possession occurred "just 14 months prior to the charged conspiracy" [Id. at page 11], the relevant time frame is between the prior heroin possession and the date of Defendant's alleged participation in a conspiracy, i.e., 22 or 23 months.  The circumstances of the alleged prior heroin possession do not warrant an inference that it was "intrinsic" to the charged conspiracy or Defendant's participation therein.  The alleged heroin possession took place at a different location, without any hint of the modus operandi allegedly utilized in the charged conspiracy.  There is no evidence to suggest Defendant was engaged in a continuing course of conduct to link the alleged heroin possession to the conspiracy.  The Government's theory in the heroin possession case is that Co-Defendant Santiago (the man with a ponytail) was Defendant's supplier, whereas in the charged conspiracy, the Government's theory is that Defendant allowed Santiago to use his apartment to conduct drug deals.

The cases relied upon by the Government do not support its argument that Defendant's alleged heroin possession 22 months prior to his involvement in the conspiracy is "intrinsic" to the conspiracy.  In U.S. v. Tutiven, 40 F. 3d 1, 5 (1st Cir. 1994), the Court upheld the admission of VIN altering tools and materials seized from defendant who was charged, inter alia, with unlawful possession of stolen motor vehicles and of a motor vehicle with an altered VIN.  The tools were "like a burglar's contemporaneous possession of burglar's tools" and were directly relevant to the charged conduct.  Id.  The cases which Tutiven cites also involve circumstances where a defendant's contemporaneous possession of burglar's tools, drug paraphernalia, weapons, etc., was deemed circumstantially relevant to the charged offense.  Id. Under these circumstances, Rule 404 (b)'s absolute bar to admission was not implicated.  The Tutiven case is wholly inapposite to Defendant's case where the alleged prior bad conduct occurred 22 months

before Defendant's alleged participation in the conspiracy. Compare also, United States v. Manning, 79 F. 3d 212, 218 (1st Cir 1996) (scales, bags, and other drug paraphernalia seized from defendant's apartment directly probative of his intention to distribute drugs) and United States v. Taylor, 284 F. 3d 95, 101 (1st Cir. 2002) [reference to prior crime during on-going conversation taking place during the crime itself did not implicate Rule 404 (b) but rather Rule 403].

The Government next seeks to introduce evidence of Defendant's alleged prior heroin possession on the theory that it is probative of knowledge and intent, and a "common plan". Under Rule 404 (b) "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident …" The First Circuit has provided the following framework to determine the admissibility of other crimes evidence:

> "First, the trial court must determine that the evidence has some 'special' relevance; that is, whether the evidence is offered to establish some material issue, such as intent or knowledge or is offered solely, and impermissibly, to establish the defendant's propensity for crime. Second, the trial court must balance the special probative value of the evidence against the danger of unfair prejudice to the defendant, using the considerations underlying [Fed. R. Evid.] 403." U.S. v. Gonzalez – Sanchez, 825 F. 2d 572, 579-80 (1st Cir. 1987).

The Government's claim that the Defendant's arrest on September 28, 2002, was for conduct which was part of a "common plan" with the charged conspiracy is without merit. As noted above, the modus operandi for the offenses was different, and the defendant's alleged participation in the charged conspiracy occurred some twenty-two months after the alleged heroin possession. "For two or more offenses to constitute part of a common scheme or plan, they must be substantially [emphasis added] connected to each other by at least one common

3

factor, such as common victims, common purpose, or similar modus operandi…" U.S.S.G. § 1B.1.3 (a) (2), Commentary, Application Note (9). "[N]ot every drug transaction undertaken by every drug trafficker is necessarily linked in a meaningful sense." United States v. Sklar, 920 F. 2d 107, 111 (1st Cir. 1990). "To bring uncharged conduct into play, the government must establish a sufficient nexus between the conduct and the offense of conviction…" Id. at 110. In this case, the Government has failed to demonstrate a sufficient nexus between the uncharged prior conduct and the conspiracy. Compare United States v. Taylor 284 F. 3d 95, 98 (1st Cir. 2002) (connection between charged conspiracy and drug purchase six months prior to charged conspiracy deemed "too tenuous" to show "common scheme or plan").

The Government's argument that evidence of Defendant's prior heroin arrest has "special relevance" in establishing "intent and knowledge" should also be rejected. In fact, the evidence of Defendant's prior arrest has no "special relevance" to the charged conspiracy, but rather its "principal tendency" is the proscribed one of showing criminal propensity. See United States v. Perez, 849 F. 2d 1, 5 (1st Cir. 1988). Neither intent or knowledge is the principal issue in this case, where the Defendant is charged with conspiracy to distribute heroin, which requires only that the Government prove an agreement with others to distribute heroin. Defendant is not charged in any substantive count with possession of heroin, nor has the government proffered any evidence of his alleged possession of heroin during the course of this conspiracy. Under these circumstances the "knowledge" and "intent" are marginal issues and the tenuous connections which the Government seeks to make are really a mask for prohibited propensity evidence. Compare, United States v. Lynn, 856 F. 2d 430, 435-436 (1st Cir. 1988) (evidence of prior drug offense excluded where states of mind involved in separate drug crimes "connected primarily by the fact that both engage in criminal enterprises involving drugs."), and United

4

States v. Esperanza Aguilar-Aranceta, 58 F. 3d 796, 800 (1st Cir. 1995) ("similarity between the prior act and the current charges is often the predominant factor or touchtone in the test for special relevance as to the defendant's knowledge"), with United States v. Manning, 79 F. 3d 212, 218 (1st Cir. 1996) (evidence of prior drug dealing admissible, where defendant claimed lack of knowledge of cocaine in his briefcase); United States v. Garcia, 983 F. 2d 1160, 1173 (1st Cir. 1993) (evidence of prior drug trafficking admissible, where defendant denied knowledge of cocaine found in his closet); United States v. Hadfield, 918 F. 2d 987, 994 (1st Cir. 1990) (prior narcotics convictions admissible, where drugs seized from defendant's house and her main defense was she "played no part in her husband's marijuana business").

Even assuming some relevance to the evidence of the prior possession of heroin, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of issues. Rule 403, Fed. R. Evid. The balancing test of Rule 403 has been summarized as follows: "If the evidence brings unwanted baggage, say unfair prejudice or a cognizable risk of confusing the jury, and if the baggage's weight substantially overbalances any probative value, then the evidence must be excluded." United States v. Rodriguez-Estrada, 877 F. 2d 153, 155 (1st Cir 1989). The probative value of the evidence is minimal. As noted above, "[t]here is nothing to suggest that [Defendant's alleged] previous offense 'leads in a progression'…to his participation in [the charged] conspiracy." United States v. Lynn, supra at 435. The circumstances of the prior arrest for heroin possession do not (1) "closely mirror…the newly charged crime (2) were not part of a common scheme or a course of continuous dealing or (3) provide…the context for the newly charged crime." United States v. Esperanza Aguilar-Aranceta, supra at 799, citing United States v. Arias-Montoya, 967 F. 2d 708, 712-713 (1st Cir. 1992). Moreover, unlike many of the cases cited by the Government, the alleged prior drug possession by Defendant has never

5

been proven or resulted in a conviction, thereby lessening its probative value.  See United States v. Garcia, supra at 1173.

The prejudice to Defendant of the prior arrest for heroin possession is grave, i.e., that because Defendant was previously involved with heroin, he is probably involved in this conspiracy to distribute heroin.  "The specter of impermissible character evidence is likely to…significantly overshadow…any legitimate probative value." United States v. Esperanza Aguilar – Arranceta, supra at 801.  Moreover, where the Defendant has not been convicted of the alleged prior heroin possession, the admission of evidence concerning his prior arrest "would open up a 'Pandora's Box of other issues'", resulting in a "mini-trial" on the subject of the prior heroin possession.  United States v. Taylor, supra at 98.[1]

In summary, the Court should exclude any evidence of the Defendant's arrest on September 28, 2002, for heroin possession or trafficking because it is not "intrinsic" to the charged conspiracy, it has no "special relevance" to the conspiracy charge and is thus inadmissible under Rule 404, and whatever marginal relevance it may have is substantially outweighed by its prejudicial effect.

                                                                                DEFENDANT
                                                                                By his attorney

/s/John F. Palmer
John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617)723-7010
BBO# 387980

Dated: October 2, 2006

---

[1] The Defendant received notice of the Government's intent to offer this evidence on September 15, 2006 –one month before the trial scheduled on October 16, 2006.  Defendant cannot possibly prepare an adequate defense to the prior heroin charge within that time frame, given the time required to prepare for the conspiracy charge.

### REQUEST FOR HEARING

Defendant hereby requests a hearing on this motion.

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on October 2, 2006.

/s/John F. Palmer