UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CRIMINAL NO. 2004-10336-NMG-02 |
| ) | |
| PEDRO  MIRANDA,           ) | |
|       Defendant          ) | |

DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Pedro Miranda (hereinafter "Carlos Colon") submits this memorandum in

support of a recommendation that the Court's imposition of sentence be "sufficient, but not

greater than necessary, to comply with the purposes [of sentencing]...."  18 U.S.C. §3553. In this

case a "reasonable" sentence, in light of the purposes of sentencing, would be forty-one months.

PRIOR PROCEEDINGS

On October 15, 2004, the Defendant Carlos Colon was brought before the Court pursuant

to a complaint charging him with a conspiracy to distribute heroin and possession with intent to

distribute heroin. 21 U.S.C. §846. Colon was ordered detained. On November 10, 2004, the

Grand Jury returned an indictment against Colon and eleven others. Count One of the indictment

charged Colon with conspiracy to distribute and to possess with intent to distribute heroin

pursuant to 21 U.S.C. §846. It was further alleged that the conspiracy involved at least one

kilogram of heroin. 21 U.S.C. §841 (b)(1)(A). The indictment also charged, in a Notice of

Additional Factors, that "[a]s to the offense charged in Count One of this indictment and relevant

conduct as described in U.S.S.G. §1B1.3, Defendant [Colon]…is accountable for at least 80

grams but less than 100 grams of heroin. Accordingly, USSG §2D1.1(c)(8) applies to this

Defendant."

Defendant Colon was arraigned before the Court (Collings, M.J.) on November 22, 2004. On December 2, 2004, the Government filed an information pursuant to 21 U.S.C. §851, which was subsequently withdrawn on January 9, 2007. On April 13, 2005, the Grand Jury returned a superseding indictment, which added a Count Eight against Co-Defendant Santiago [possession of unregistered firearm—26 U.S.C. §5861(d)] and eliminated the Notice of Additional Factors, but in all other aspects remained the same as the original indictment.

Defendant Colon was arraigned on the superseding indictment on May 2, 2005. After denial of Defendant's Motion to Suppress, and after several postponements, trial commenced on October 16, 2006, and concluded on October 27, 2006, with the Defendants being found guilty on all counts. Sentencing was initially scheduled for February 16, 2007, then rescheduled for March 22, March 30, and finally April 9, 2007.

## ARGUMENT

A sentencing court is directed to impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]", as outlined in 18 U.S.C. §3553.

The statute provides as follows: "[I]n determining the particular sentence to be imposed, [the court] shall consider:

1.    the nature and circumstances of the offense and the history and characteristics of the defendant;

2.    the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner;

3.    the kinds of sentences available;

4.      the kinds of sentences and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in [the Sentencing Guidelines]....;

5.      any pertinent policy statement issued by the Sentencing Commission...;

6.      the need to avoid unwarranted sentencing disparities among defendants with similar records, who have been found guilty of similar conduct; and

7.      the need to provide restitution to any victims of the offense". Id.

Following the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the Sentencing Guidelines are merely advisory, and may be considered, along with other sentencing factors enumerated in 18 U.S.C. §3553, in the context of the overriding principle that a sentence should be "sufficient, but not greater than necessary" to fulfill the "need for the sentence imposed."

*Nature And Circumstances Of Offense*

The Court heard evidence over the course of two weeks concerning the nature of the conspiracy in which the Defendant was involved. The conspiracy involved the distribution of heroin, during the time frame from December 2003 until October 15, 2004. The Defendant's involvement in the conspiracy did not occur until the latter part of August 2004 [see PSR(73)]. While the evidence indicated that on two occasions Defendant Colon allowed his apartment at 212 Wilder Street to be used for drug transactions, and on one occasion he engaged in counter surveillance, there was no evidence that he profited from his limited involvement in the conspiracy. Notwithstanding the fact that the jury found Defendant guilty of participation in a conspiracy involving more than a kilogram of heroin, the Defendant came very late to the conspiracy and he is personally accountable for much less than that amount of heroin. While Probation has stated that, based on information provided by the Government, in "August and September 2004, the Defendant knowingly permitted" transactions totaling 230 grams "to be

3

conducted at his residence" [PSR(133)], the Defendant submits that he is responsible for less

than 100 grams, as initially charged by the Government. See United States v. Sklar, 920 F.2d

107, 113 (1st Cir. 1990)(Court should err on the side of caution in estimating drug quantities).

With respect to the alleged transaction between Torrado and Santiago on August 27, 2004, there

was no evidence introduced at trial to suggest that ten grams, or any particular amount of heroin,

was involved [PSR(75)]. The unnamed agents' opinion does not rise above the level of mere

conjecture. Probation also attributes twenty grams to Defendant as a result of the transaction on

September 2, 2004, between Torrez and Santiago [PSR(88)]. There was no evidence of such

amount introduced at trial, nor should co-counsel's apparent stipulation of this amount bind

Defendant.

The alleged transactions on September 2, 2004, between Torrado, Rodriguez, and

Santiago at 212 Wilder Street did not result in any seizures of evidence nor surveillance of drug

buys that would warrant the attribution of 100 grams to Defendant [PSR(81-82, 88)]. The

Government relies upon a speculative opinion that Rodriguez's previous query to Santiago about

"five zero" meant that he was ordering fifty grams of heroin. Even if the conversation could be

interpreted to refer to such amount of heroin, there is no evidence that Santiago delivered that

amount at 212 Wilder Street.

Finally, the Government's attribution of 100 grams to Defendant as a result of an alleged

transaction between Enrique Agosto and Santiago on October 9, 2004, [PSR(98-99)] is not

warranted by the evidence. Any connection between the Defendant and this alleged transaction is

speculative and based on conjecture.

The Defendant has objected to any drug quantity calculation that is 100 grams or greater.

When the Government initially indicted the Defendant, it included a Notice of Additional

Factors which specified that the Defendant was "accountable for at least eighty grams but less than 100 grams of heroin." The Government maintained this position, adopting a "conservative approach," in plea negotiations with Defendant. The Government is now taking a position on drug quantity that is at odds with the position it took before the Grand Jury and in plea discussions with Defendant's counsel. As a matter of due process (to avoid the appearance of vindictiveness for having gone to trial) and judicial integrity, the Government should be estopped from claiming a higher drug quantity after trial. Compare, Howell v. Town of Leyden, 355 F. Supp. 2d 248, 250-251 (D. Mass. 2004) (doctrine of "judicial estoppel" precludes party from asserting a position in one legal proceeding contrary to a position asserted in an earlier proceeding).

### *History And Characteristics Of Defendant*

Carlos Colon was born in Rio Piedras, Puerto Rico, on March 31, 1968. He has no siblings. He was raised by his paternal grandmother in Puerto Rico. His father left for New York at an early age. His mother remained in Puerto Rico, but abandoned him. Colon came to Massachusetts in 2001.

Prior to his detention in this case, the Defendant Colon was employed by Axsun Technologies in Billerica, Massachusetts, as a "facilities assistant" [see PSR(173)].

The Defendant has no prior record of convictions. He has a pending state court case which remains unresolved [see PSR(149)], and on which he was detained from September 28, 2002, to February 4, 2004 [see PSR(174)].

The Defendant has used both marijuana and cocaine on a regular basis, for which he has not received treatment.

### *The Need For The Sentence Imposed*

It is not disputed that a sentence of incarceration is required in this case to reflect the

seriousness of the offense, promote respect for the law, provide just punishment, to afford

deterrence, and protect the public. A correctional facility will also be able to provide Defendant

with needed drug treatment. The issue for sentencing is the length of incarceration required to

achieve these statutory purposes, having in mind the so-called "parsimony principle" that no

sentence of imprisonment be "greater than necessary, to comply with the purposes [of

sentencing]…" 18 U.S.C. §3553.

In considering an appropriate sentence, the Court should consider that the deterrent effect

of any period of incarcerating a first time offender is likely to be greater than on a recidivist. The

Court should also take into account the fact that Defendant has served over two and one-half

years in pre-trial detention, in harsher circumstances than if he has been in the custody of the

Bureau of Prisons with its various programs and lower classifications.

*Available Sentences*

The Defendant may be sentenced to a term of imprisonment up to twenty years. 21

U.S.C. §846; 21 U.S.C. §841(b)(1)(C). For reasons expressed above, Defendant maintains that

he should not be subject to a mandatory minimum sentence of five years. Although he

recognizes that the law in the First Circuit is to the contrary [United States v. Lizardo, 445 F. 3d

73, 89-90 (1st Cir. 2006)], Defendant also submits that he may not be sentenced to a mandatory

sentence which is based upon judicially found determinations of drug quantity. Compare United

States v. Gonzalez, 420 F. 3d 111, 130-131 (2nd Cir. 2005) and cases cited therein.

*Advisory Guidelines*

The "advisory guideline" sentence in this case, as in all drug cases, is determined largely

by the quantity of drugs attributable to Defendant. For purposes of this calculation, Defendant

submits that the evidence warrants only the conclusion that he is responsible for less than 100

grams of heroin. His base offense level is thus no more than 24. U.S.S.G. §2D1.1(C)(8).

Moreover, the evidence elicited at trial showed Defendant to be a relatively minor participant in

the overall charged conspiracy. Defendant allowed his apartment to be utilized on two occasions

for drug transactions. He acted as a lookout on one occasion. He was employed fulltime during

the period of his alleged involvement in the conspiracy, which he joined only in the last month

and a half. There is no evidence that he himself ever profited from the drug conspiracy. Under all

of these circumstances, the Defendant should receive a 2 point adjustment as a minor participant

in the conspiracy. U.S.S.G. §3B1.2. His Total Offense Level is thus 22. The resulting guideline

range, where Defendant falls within Criminal History Category I, is forty-one to fifty-one

months.

### *Policy Statements Of Sentencing Commission*

The Sentencing Commission Guidelines for resolution of disputed sentencing factors are

set forth in U.S.S.G. §6A1.3 and its Commentary.

### *Unwarranted Sentencing Disparities*

This factor is not an issue in this case.

### *Restitution*

This factor is not an issue in this case.

### CONCLUSION

In consideration of the mandatory sentencing factors – i.e., the nature and circumstances

of the offense (and, in particular, Defendant's limited involvement in the conspiracy), the history

and characteristics of the Defendant (fulltime employment, no record of prior convictions), the

need for a sentence (lengthy sentence not required for first time offender), and the advisory

guideline calculation, a sentence of forty-one months would be appropriate for Defendant and

fulfill the statutory mandate of 18 U.S.C. §3553(a) that a sentence be "sufficient, but not greater

than necessary, to comply with the purposes [of sentencing]."


DEFENDANT
By his attorney

/s/ John F. Palmer
John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617)723-7010
BBO# 387980


Dated: April 5, 2007


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered parties on April 5, 2007.

/s/John F. Palmer

8